*Davis & Bissell*, for defendant.

————•••————

## Cass *et al* v. The State.

Where a petition for a change of venue, sets forth the requisite facts verified by the affidavit of the party, it is the duty of the judge to grant the change to the nearest county, without any further proof or inquiry.

The statute of 1845 requires, in criminal cases, the facts stated in the petition to be verified by the affidavit of at least two respectable witnesses.

If a party complies with the statute, in his application for a change of venue, the court has no discretion to refuse, but should grant the change to the nearest county not made objectionable by the petition, without requiring any other testimony than the petition and affidavit.

A father may testify in a criminal case in behalf of his son.

### *Error to Clinton District Court.*

*Opinion by* WILLIAMS, C. J. David Cass *et al.*, were indicted at October term of the district court of Clinton county, for a riot. Before the calling of the cause, for trial, the defendants filed their affidavit and petition for a change of venue, as provided by the statute. The affidavit sets forth, that "they believe that the inhabitants of Clinton county are so prejudiced against them, that they cannot expect an impartial trial; and that the same causes exist in the counties of Scott and Cedar. The court refused to grant the change of venue until an examination of witnesses was had as to the grounds of affiants belief. Joseph Cooper one of the witnesses to the affidavit, was called and

examined on his oath, orally, by the court, as to the ground of his belief. He stated "that as to Scott county, he knew nothing, but from rumor. That he had attended the court in Cedar county, last spring; that he heard a great deal said about this affair. That he heard more than half of the people at court, talk about this matter, and from what was said, he had formed the belief that there was prejudice, although he could not say that they seemed excited on the subject. They condemned the act, though they knew nothing of the defendants. He did not know that they had any knowledge of the affair, except by rumor. That he resided in Cedar county, and that he heard considerable said of the affair in the neighborhood where he resided." To this examination the counsel of the defendants excepted. Lyman Evans, another of the affiants, on motion of the attorney for the state, was then decided to be incompetent to make the affidavit, and testify as a witness in the matter, on the ground that he was the father of one of the defendants, and therefore interested. To this ruling of the court the counsel for the defendants excepted. Edward West the other affiant, then stated, orally, that he testified only as to Clinton county. The court then ordered the venue of the case to be changed to Cedar county. To this proceeding of the court, the defendants, counsel excepted; and the following assignments are presented as grounds of reversal:

1. The court erred in awarding a change of venue in this cause from said county of Clinton, to the county of Cedar.

2. The court erred in examining orally, Edward West and Josiah Cooper, the witnesses whose affidavit was filed in support of the application for the change of venue.

3. The court erred in looking beyond the testimony set forth in the affidavit filed with the application for a change of venue.

4. If the court had authority to examine orally, the witnesses, West and Cooper, as to the ground of their belief as to the existence of the cause for a change of venue.

There was error in excluding Lyman Evans as a witness, in not examining him, and in deciding that said Evans was interested.

The record shows, that the petition of the defendants, setting forth the cause for the change of venue, was. verified by their affidavit in compliance with the statute; and that the truth of their affidavit was verified by the affidavit of Lyman Evans, Edward West and Joseph Cooper, as required by the act of the 10th of June, 1845, regulating the proceeding of a change of venue in criminal cases.

As there is a propriety in settling the practice in proceedings of this kind under the statute, we will consider the subject matter involved in all the assignments of error.

*Rev. Stat.* 638, provides "that either party may have a change of venue for the following causes:

1. That the inhabitants of the county are so prejudiced against the applicant, that he cannot expect an impartial trial.

2. That the opposite party has an influence over the minds of the inhabitants of the county.

3. That the judge is prejudiced against the applicant."

This act by the thirteenth, fourteenth and fifteenth sections, is made applicable to criminal cases by providing the mode of proceedure therein. In criminal cases, as well as civil, the affidavit of the party alone is made sufficient to establish the facts, or any of them, for which a change of venue may be obtained. In 1845, by an act approved June 10th, of that year, and entitled "An act amendatory of an act to provide for changing the venue in civil and criminal cases, approved 13th of February, 1843," the legislature changed the practice in criminal cases, as follows: Sec. 2. "That when a change of venue is prayed for in criminal cases, the truth of the affidavit of the party wishing the same, shall be verified by the affidavit of at least two respectable, disinterested persons, before such change is allowed by the judges." The record shows that this statutory requirement was complied with, in the case at bar.

These being the facts and the law of the case, we will proceed directly to the assignments of error.

Under the act of February, 1843, first cited, all that was necessary on the part of the person wishing a change of venue, was to file his petition, praying for it, setting forth therein any of the causes contained in that act, with his affidavit appended thereto, verifying the fact or facts set forth therein, and alleging that he has just reason *to believe* that he cannot receive a fair and impartial trial on account of the cause or causes set forth.

The party making the application, having complied with the requisitions of the statute, it is the duty of the judge, without further inquiry, to award the change of venue to the nearest county, where the causes assigned do not exist. Such has been the construction of this statute, and the practice thereon, as established by our courts. By it, we think, the obvious intention of the legislature is effectuated.

There is nothing in the amendatory act of June 10th, 1845, which tends to vary this construction. It merely requires the affidavit of at least two respectable, disinterested witnesses, by which that of the applicant shall be verified; with this addition, in criminal cases, the law so far as this case is concerned, remains unaltered.

The statute clearly sets forth all the acts necessary to be done, to establish the right of the applicant to a change of venue, and the jurisdiction as to the county, from and to which it shall be changed. The applicant having complied with the requirements of the statute, is entitled to the change of venue as his right. It is the duty of the court to grant it, without imposing any further requirement. There is no power conferred on the court, by the statute, to dispense with any of its requisitions to aid the applicants, nor can any be exercised to increase the duties thereby enjoined, and which might hinder him in obtaining his right. The statute vests no discretionary power in the court, by the exercise of which the change of venue might be refused, when the applicant has complied with

Cass v. The State.

the statute by doing all that it required. The party could not be called upon to be prepared, upon the finding of an indictment in term time, to know and present facts and circumstances, which besides those required by the law of the land, might be necessary and sufficient to determine the discretionary power of the court in his favor as to his belief, or that of his witnesses of the existence of prejudice in the minds of the inhabitants of a county against him. It is neither the belief, nor the judgment of the court, that is by the statute made the ground upon which the right of the applicant rests, but of the party and his witnesses. The county of Cedar was, by the affidavits, made as objectionable as was the county of Clinton. The court was bound by the operation of the law, to act upon the affidavits alone, they being sufficient, and to grant the prayer by ordering a change of the venue to the nearest county, where the causes for the change assigned, did not exist. The object of the law is to secure to a party litigant an impartial trial. It frequently happens, that suits are instituted involving questions which excite whole communities to such a degree, that impartial or disinterested jurors cannot be obtained; and popular influence may operate to pervert or prevent the due course of judicial proceedure, so that the arm of the law is stayed, or recklessly thrust forth regardless of right, and injustice instead of justice is the result. It may be alleged that the mere belief of the party and the verifying witnesses, should not be considered as sufficient to warrant the change of venue; that parties particularly in criminal cases, will resort to this provision of the statute with purpose to thwart the designs of law and justice, by the procurement of delay, &c. In answer to this, it is enough to say, that this is a privilege or right, granted by an act of the legislature, which specially prescribes the grounds on which it may be claimed and had; as well as the duty of the court when called to act thereon. If to the acts plainly enjoined and required by the statute, to be performed by the court, a discretionary power be added, how and

where is it to be limited? If the judge may refuse to credit the affidavits of the parties and their witnesses in one case, he may do it in another. In the exercise of such discretion, it is not to be supposed, that the judge would be prepared to decide, from his own knowledge of the fact, whether the belief of the existing prejudice in the county alleged, was well founded or not. To be informed, then, he would necessarily, upon the suggestion of the party opposed to the change of venue, be required to enter upon an examination of witnesses in the objectionable county, to ascertain that fact; and thus the attainment of the object of the statute would be prevented.

But suppose the cause, suggested for the change, to be a charge of prejudice against the party in the mind of the judge himself, will it be contended that this act of the legislature should be so construed that the judge thus under its provisions, charged with such prejudice shall have a discretionary power, in a summary way, to question, and inquire into the grounds of the belief of the affiants, and their verifying witnesses, and decide upon the right claimed? We think not. With a proper regard to the rule of construction, as to powers given by a statute like this, where a right is conferred on a party, and the duties clearly set forth, upon the performance of which it shall accrue, and where the duty of the tribunal, whose province it is, to grant that right, is plainly pointed out, it cannot be allowed that a party shall be required to do more than is enjoined by the statute. That such power might be so exercised, as to endanger if not destroy the rights of a party, is obvious.

By a proper construction of the act of the legislature, the action of the court is due upon the filing and presentation of the petition and affidavits of the party, and verifying witnesses, as required by the statute in criminal cases. These, being sufficient, it is the duty of the court to grant the prayer of the party. If anything more be necessary, to render the law perfect for the accomplishment of the end designed, it is the province, as well as the duty of

the legislature to provide for it, in the exercise of their power.

What has been already said, substantially disposes of the questions raised by the second and third assignments of error; the affidavits being sufficient as filed, to establish the right of the-defendants to the change of venue under the statute. The court by requiring the witnesses to answer questions, assumed and exercised a power not conferred upon it by the statute, that being the only law which in such case the court could look to for its power and the mode of exercising it. If the court could be permitted to go beyond the requirements of the statute, then, there would be difficulty in saying where and how it is to be limited.

The fourth assignment of errors is founded upon the ruling of the court, by which the witness Lyman Evans was excluded from testifying on the ground of interest. We have already said, that the court below had not the power, under the statute, to require more of the party, applying for a change of venue, than the petition and affidavits; and had no authority for requiring additional testimony by parol. That the. right asserted and claimed, depended entirely upon the sufficiency of the petition and affidavits, so far as the causes for the change of venue were concerned. But supposing that the examination of the witnesses by parol had been in accordance with the provision of the statute, still, the court erred by deciding that Lyman Evans who was the father of one of the defendants, was for that reason incompetent to testify, on the ground of interest. We cannot discover by what principle of the law of evidence, a father would be prevented from testifying in a criminal case, on the part of his son, at any stage of the proceeding, where evidence might be properly called for. The fact of the witness being the father of one of the defendants, however considered as to his credibility, could not operate to exclude his testimony. This would be the case where the relation of husband and wife exists. Neither of these would be allowed to testify

for the other, in civil or criminal cases. But the rule of incompetency for consanguinity has never that we know, been extended to the relation of parent and child.

The ruling of the court below ordering the venue to be changed to Cedar county *is reversed* and it is ordered that this cause be remanded for further proceedings not inconsistent with this opinion.

Judgment reversed.

*Leffingwell*, *Wilson* and *Smith*, for plaintiffs in error.

*W. L. Burge* and *J. P. Cook*, for the state.